IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDISON HESTER, #65294, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00393-JPG |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Edison Hester, a former federal inmate who was released from the custody of the Federal Bureau of Prison ("BOP") on or around November 7, 2020, filed a Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 2). Among other things, Plaintiff complains that he was denied participation in a residential re-entry program at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), in the three months preceding his release from custody. (*Id.*). Plaintiff maintains that his participation in the program would have eased his transition back into society following his mother's death during the COVID-19 pandemic. (*Id.*). This claim ("Count 3")[1] was severed from another action Plaintiff filed in this District. *See Hester v. Rogers, et al.*, No. 20-cv-01127-JPG (S.D. Ill. filed Oct. 26, 2020) (original case) (Docs. 1, 1-1, and 9). In the Memorandum and Order Severing Case, the Court identified the BOP as a defendant in connection with Count 3. (Doc. 1, p. 3, instant case).

---

[1] This claim was identified as "Count 3" in the original action. (*See* Doc. 1, p. 3).

1

The claim is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff set forth the following allegations in support of Count 3 in the Complaint:

I arrived at Greenville, FCI on July 30, 2020 with a release date of November 7, 2020 and there was never (in the least) an attempt to place me in the re entry release program which would have been conducive to my transition back into society after incarceration. Administrative and Unit Team were all informed on numerous occasions that I had basically lost all my family support when I lost my mother. I was also never teamed by Unit Team which BOP gives a certain amount of time for this to be done once an inmate is placed in a federal institution. This is further evidence of negligence and lack of work ethic on the part of the staff at Greenville FCI.

(Doc. 2, pp. 9-10).

## Discussion

Based on the allegations set forth above, the Court will recharacterize Count 3 as follows:

**Count 1:**   Defendant denied Plaintiff participation in a residential re-entry program in the three months preceding his release from BOP custody in violation of the FTCA

**Count 2:**   Defendant denied Plaintiff participation in a residential re-entry program in the three months preceding his release from BOP custody, in violation of his constitutional rights and pursuant to *Bivens*.

**Instead of "Count 3," the parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

### Count 1

The Federal Tort Claims Act ("FTCA") provides jurisdiction for suits against the United States for torts committed by federal officers. 28 U.S.C. § 1346(b)(1). Plaintiff has not named the United States in connection with Count 1, and he cannot name another defendant in its place. This includes the BOP, Administrative Team, or Unit Team that he mentioned in connection with the claim. The only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(b); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Government agencies do not merge into a monolith; the United States is an altogether different party."). Count 1 shall therefore be dismissed without prejudice to Plaintiff re-pleading this claim against the United States in a First Amended Complaint in this action or in a separate action altogether, if he wishes to do so.

### Count 2

In contrast, a *Bivens*-type action for money damages arises against individual federal agents for certain violations of a plaintiff's federally protected rights. *Bivens*, 403 U.S. 388 (1971). Individual federal agents must, themselves, act unconstitutionally. *See Woods v. Moss*, 572 U.S. 744, 763 (2014) (citation omitted). The "BOP," "Administrative Team," "Staff," and "Unit Team are not individual agents and are not properly named in connection with a request for money damages herein. The plaintiff must instead allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 678 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) ("[L]iability under a *Bivens*-like remedy is personal."). Plaintiff has named no individual in connection with any constitutional deprivation that might possibly give rise to liability under *Bivens*.[2] Count 2

---

[2] In *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854 (7th Cir. 2017), the United States Supreme Court suggested that the only valid contexts for constitutional claims against federal officers are those previously recognized by that Court under the Fourth, Fifth, and Eighth Amendments.

3

shall therefore be dismissed without prejudice to Plaintiff re-pleading this claim against one or more individual federal agents in a First Amended Complaint filed in this action or in a separate action altogether.

For the reasons set forth above, Counts 1 and 2 do not survive preliminary review and shall be dismissed. Plaintiff will have an opportunity to re-plead his claims by filing a First Amended Complaint in this case, if he chooses to do so. When preparing a First Amended Complaint, he must follow the instructions and deadline set forth in the below disposition. Failure to do so may result in dismissal of this action for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that **COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim for relief.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 11, 2021**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-00393-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering

the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading.  It is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/13/2021**               s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **United States District Judge**